UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO G. ORTIZ,<br><br>         Plaintiff,<br><br>v.<br><br>ALEJANDRO N. MAYORKAS, an individual; U.S. DEPARTMENT OF HOMELAND SECURITY, a government entity; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, a government entity; and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No.: 22-CV-557 JLS (KSC)<br><br>**ORDER (1) GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>(ECF Nos. 11 & 11-1) |

  Presently before the Court is Defendant Secretary of the Department of Homeland Security's ("Defendant" or the "Secretary")[1] Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Mot.," ECF No. 11), as well as Defendant's Request for Judicial Notice in support of the same ("RJN," ECF No. 11-1). Plaintiff Mario G. Ortiz filed an Opposition thereto ("Opp'n," ECF No. 12),

---

[1] Although Plaintiff names multiple defendants, the Court addresses *infra* at pp. 9–13 which defendants are proper parties to this action.

and Defendant filed a Reply in support thereof ("Reply," ECF No. 13).  This Court took the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).  *See* ECF No. 14.  Having carefully reviewed Plaintiff's Complaint ("Compl.," ECF No. 1), the Parties' arguments, and the law, the Court **GRANTS** Defendant's RJN and **GRANTS IN PART AND DENIES IN PART** Defendant's Motion, as set forth below.

## BACKGROUND[2]

Plaintiff is a former employee of Immigration and Customs Enforcement ("ICE"), where he worked for approximately 24 years.  *See* Compl. ¶ 12.  From on or about October 1, 2019, through on or about December 31, 2020, Plaintiff worked as an assistant field director for ICE.  *Id.* ¶ 13.  Plaintiff injured his ankle in or around February 2020 and worked remotely until on or about September 27, 2020, when he returned to in-person work at the San Diego ICE Field Office.  *Id.* ¶¶ 17–18.  When Plaintiff returned to in-person work, Jamison Matuszewski was designated as his new first line supervisor, and Gregory Archambeault was designated as Plaintiff's third line supervisor.  *Id.*

At some point within the relevant time period, and in the presence of other ICE employees, Matuszewski stated that "he was proud of the fact that he was responsible for expediting the retirement of the senior staff at ICE."  *Id.* ¶ 19.  Matuszewski further stated that he "like[d] to force the staff under his direct supervision into retirement," and that "he was trying to force out older and disabled ICE employees."  *Id.*  Matuszewski also expressed animus towards racial minorities on several occasions within the relevant time period.  *Id.* ¶ 20.  Pursuant to Matuszewski's explicitly stated animus, Plaintiff claims Matuszewski took five discriminatory actions against Plaintiff, *id.* ¶¶ 21–23, 26–28, because "[plaintiff] had suffered a disability due to his ankle injury, was of Hispanic/Latino race/national origin, and was 53 years old at the time of the incident," *see, e.g.*, *id.* ¶ 21.

---

[2] Because Defendant facially attacks the Court's subject-matter jurisdiction, the facts alleged in Plaintiff's Complaint are accepted as true for purposes of Defendant's Motion.  *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (holding that, in a facial attack to the Court's subject-matter jurisdiction, the Court "accepts the truth of the plaintiff's allegations")).

First, Matuszewski limited Plaintiff's Administratively Uncontrollable Overtime ("AUO") on or about September 27, 2020, which negatively impacted Plaintiff financially. *Id.* Second, on or about the same date, Matuszewski rejected Plaintiff's upcoming firearms qualification, despite there being no basis for this action. *Id.* Matuszewski then revoked Plaintiff's firearm privileges and required Plaintiff to attend remedial firearms training. *Id.* Third, on or about October 8, 2020, Matuszewski provided Plaintiff with a performance appraisal for the 2020 fiscal year. *Id.* ¶ 23. In this appraisal, Matuszewski, who was not the proper supervisor to provide such a report since he had not supervised Plaintiff during the 2020 fiscal year, gave Plaintiff the lowest performance rating Plaintiff received in his ICE career. *Id.* Matuszewski had no justification for providing such a low rating. *Id.* On or about October 13, 2020, Plaintiff complained about Matuszewski's discriminatory actions to the EEOC, and on or about October 22, 2020, he also reported Matuszewski's actions to his first line supervisor, Archambeault, who agreed that Matuszewski was not the proper supervisor to complete Plaintiff's performance appraisal. *Id.* ¶¶ 24–25. Fourth, on or about October 29, 2020, Matuszewski issued Plaintiff a letter of reprimand in retaliation for Plaintiff complaining to Archambeault about Matuszewski's unjustified performance appraisal of Plaintiff. *Id.* ¶ 26. Fifth, in or around November 2020, Matuszewski denied Plaintiff's AUO, which further harmed Plaintiff financially. *Id.* ¶ 27.

These discriminatory actions by Matuszewski culminated in Plaintiff deciding to retire from ICE on or about December 31, 2020. *Id.* ¶ 28. Plaintiff felt that if he did not retire, he would continue to face discriminatory employment actions by Matuszewski, which would ultimately lead to Plaintiff's termination. *Id.* Moreover, Plaintiff felt that the continued threat of future discriminatory employment actions would result in a loss of income and retirement benefits. *Id.* As a direct result of the discriminatory actions Plaintiff faced, Plaintiff suffers and continues to suffer substantial losses in earnings and employment benefits as well as other economic and non-economic losses. *Id.* ¶ 31. Plaintiff further experiences emotional distress, shame, and embarrassment. *Id.*

/ / /

Plaintiff initiated this action on April 21, 2022, when he filed his Complaint. *See generally id.* Plaintiff asserts four claims against Defendant: (1) age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA"); (2) race/national origin discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (3) disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"); and (4) unlawful adverse action in violation of the Merit System Principles, 5 U.S.C § 2301 *et seq.* (the "MSP"). *See generally id.*

On October 23, 2022, Plaintiff requested a Clerk's Entry of Default, *see* ECF No. 6, which was granted the next day, *see* ECF No. 7. On October 26, 2022, the Parties filed a Joint Motion to Vacate and Set Aside Default, *see* ECF No. 9, which this Court granted the following day, *see* ECF No. 10. On December 21, 2022, Defendant filed the instant Motion. *See generally* Mot.

## REQUEST FOR JUDICIAL NOTICE

As an initial matter, in support of its Motion, Defendant requests judicial notice of the Final Agency Decision issued March 22, 2022, by the U.S. Department of Homeland Security Office for Civil Rights and Civil Liberties in *Mario G. Ortiz v. Alejandro N. Mayorkas, Secretary, U.S. Department of Homeland Security*, Agency Case Nos. HS-ICE-00233-2021 & HS-ICE-00896-2021 (the "FAD"). *See generally* RJN. Plaintiff does not object to this request. *See generally* Opp'n.

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.*

"Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)).

"A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)(1)–(2)). "Accordingly, '[a] court may take judicial notice of matters of public record.'" *Id.* (alteration in original) (quoting *Lee*, 250 F.3d at 689). "But a court cannot take judicial notice of disputed facts contained in such public records." *Id*. (quoting *Lee*, 250 F.3d at 689).

"Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citing *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "'[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document' under *Ritchie*." *Khoja*, 899 F.3d at 1002 (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)). Nonetheless, a document may still form the basis of the plaintiff's claim where "the claim necessarily depended on the[ document]." *Id.* (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)). "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Id.*

When a document is incorporated by reference, "the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908; *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("The court may treat . . . a document [incorporated by reference] as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" (quoting *Ritchie*, 342 F.3d at 908)). Nonetheless, "it is improper to assume the truth of an incorporated document
/ / /

if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003.

Here, Plaintiff necessarily relies on the FAD to establish exhaustion of his administrative remedies. *See* Compl. ¶¶ 10–11. Thus, given that this Court may consider a document relied upon but not attached to the Complaint when its authenticity is not contested, *Lee*, 250 F.3d at 688, and given that Plaintiff does not contest the FAD's authenticity, the Court finds the FAD incorporated by reference. *See, e.g.*, *Williams v. Santos*, No. CV 21-08697-RSWL-RAOx, 2022 WL 2176582, at *2 (C.D. Cal. June 15, 2022) (granting the defendant's request for judicial notice of Final Agency Decision in Equal Employment Opportunity ("EEO") proceeding where the plaintiff "necessarily relies on this document in the [complaint] to show that she exhausted her administrative remedies through the EEO process" and "does not contest that the document [the d]efendant submitted is in fact the Final Agency Decision from [the p]laintiff's EEO case" (citations omitted)). Accordingly, the Court **GRANTS** Defendant's Request for Judicial Notice.

## MOTION TO DISMISS

### I.     Legal Standards

#### A.     *Subject-Matter Jurisdiction—Rule 12(b)(1)*

The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Under Federal Rule of Civil Procedure 12(b)(1), a party may raise by motion the defense that the complaint "lack[s] subject-matter jurisdiction," and may do so via a facial or factual attack. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial attack' asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction." *Courthouse News Service v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014) (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines

whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

In contrast, "'[a] factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Id.* (citing *Safe Air for Everyone*, 373 F.3d at 1039). In the case of a factual attack, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039. "The court need not presume the truthfulness of the plaintiff's allegations." *Id.* After the moving party evidences the lack of subject-matter jurisdiction, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). In reviewing this extra-pleading evidence, the district court does not abuse its discretion, even if it must ultimately resolve factual disputes between the parties. *Id.*

Dismissal under Rule 12(b)(1) is warranted "where the alleged claim under the Constitution or federal statutes appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). Dismissal under 12(b)(1) is not warranted when "the jurisdictional issues and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of the action." *Sun Valley Gasoline, Inc. v. Ernst Enter., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983) (internal quotation marks and citation omitted).

### B.    Failure to State a Claim—Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil

Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 675 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

"In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019) (citing *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)). Where a complaint does not survive 12(b)(6) analysis, the Court will

grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## II. Analysis

Defendant moves to dismiss Plaintiff's Complaint in its entirety and without leave to amend, contending that: (i) Plaintiff's Title VII and ADEA claims are time-barred due to Plaintiff's failure to name and serve the proper defendant within the proscribed time, *see* Mot. at 3–6;[3] (ii) the federal government is immune from ADA claims, *see id.* at 6; and (iii) violation of the MSP is not a valid cause of action, *see id.* The Court will address each argument in turn.

### A. Title VII and ADEA Claims

#### 1. Did Plaintiff Name the Proper Defendant?

Defendant first contends that Plaintiff failed to name the proper defendant for his Title VII and ADEA claims. Mot. at 4–6. Here, Plaintiff named ICE, the Department of Homeland Security ("DHS"), and "Alejandro N. Mayorkas, Secretary, U.S. Department of Homeland Security, an individual," as defendants. *See* Compl. at 1.

Section 717 of Title VII provides that, in a Title VII discrimination action, "the head of the department, agency, or unit as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). The Ninth Circuit has held that the agency head "is deemed the only appropriate defendant for [a Title VII] action." *Mahoney v. U.S. Postal Serv.*, 884 F.2d 1194, 1196 (9th Cir. 1989); *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1084 (9th Cir. 1983); *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1886). Section 717 of Title VII defines "agency" as one of the "executive agencies as defined in section 105 of Title 5." 42 U.S.C. § 2000e-16(a). Section 105 of title 5, in turn, provides that an

---

[3] In citing to the Motion, the Court refers to the blue numbers stamped in the upper righthand corner of each page by the District's Case Management/Electronic Case Filing system.

"'Executive agency' means an Executive department, a Government Corporation, [or] an independent establishment," and § 101 of title 5 includes DHS in its definition of "Executive departments."  Thus, Title VII requires Plaintiff to name the Secretary of DHS as the defendant in this action, because the Secretary is the department head of ICE.  *See Romain*, 799 F.2d at 1418.  This is further confirmed by the "Notice of Appeal Rights" appended to Plaintiff's FAD, which notified Plaintiff that he "ha[s] the right to file a civil action" but that he "must also comply with the following instruction[]: (1) You must name Alejandro N. Mayorkas, Secretary, Department of Homeland Security, as the defendant.  Failure to provide his name and official title may result in dismissal of your case."  ECF No. 11-2 at 23.

First, Defendant asserts that DHS and ICE are not proper named defendants.  Mot. at 4.  In his Opposition, Plaintiff concedes that "[t]he parties agree that the proper defendant is the Secretary of the Department of Homeland Security in his official capacity."  Opp'n at 2.[4]  In light of Plaintiff's concession that neither DHS nor ICE is a proper defendant, the Court **GRANTS** Defendant's Motion as to these two defendants and **DISMISSES WITH PREJUDICE** DHS and ICE from this action.

Second, Defendant contends that the manner in which the Secretary was named as a defendant means Plaintiff improperly sued the Secretary in his individual, rather than his official, capacity.  Mot. at 4.  Plaintiff contends that he properly named the Secretary because the Complaint identifies the Secretary by both his name and official title, as specified by the FAD's "Notice of Appeal Rights."  Opp'n at 3.  Plaintiff argues that if he were suing the Secretary in his individual capacity, "then he would not be identified by his official position."  *Id.*  Defendant counters that because the body of the complaint does not specify that the Secretary is being sued in his official capacity, what is expressly stated in the caption controls.  Reply at 1 (citing *Shoshone-Bannock Tribes v. Fish & Game Comm'n of Idaho*, 42 F.3d 1278, 1285 (9th Cir. 1994)).  Defendant argues that the Complaint's

---

[4] In citing to the Opposition and Reply, the Court refers to the pagination provided by the Parties.

description of the Secretary as "'an individual' and 'citizen of the District of Columbia'" underscores that the Secretary was named in his individual rather than official capacity. *Id.*

"Generally, the caption of a complaint is not controlling . . . in determining the capacity in which a party has been sued." *Shoshone-Bannock Tribes*, 42 F.3d at 1285 (citations omitted).  Rather, "[t]he Ninth Circuit has indicated that in determining whether a suit is an individual or official capacity suit, the court may look to the case's caption, statements in the complaint and other papers, and statements made in court." *Doe ex rel. Doe v. Petaluma City Sch. Dist.*, 830 F. Supp. 1560, 1577–78 (N.D. Cal. 1993) (citing *California v. Harvier*, 700 F.2d 1217 (9th Cir. 1983)).  If, on the "basis of the claims asserted and nature of relief sought," it would be inconsistent to interpret the complaint as naming a defendant in one capacity over another, the court may read the complaint in such a way that it is not rendered nonsensical.  *See, e.g., Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1990) (citations omitted); *Central Reserve Life Ins. Co. v. Struve*, 852 F.2 1158, 1161 (9th Cir. 1988).  Indeed, "[i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962).

Accordingly, to the extent Defendant contends that the caption controls the capacity in which the Secretary was sued, Defendant is incorrect.  Defendant's reliance on *Shoshone-Bannock Tribes* is misplaced, as the case is distinguishable from the matter presently before the Court.  There, the plaintiff's complaint, brought pursuant to 42 U.S.C § 1983 against multiple state officials, sought damages.  42 F.3d at 1284.  In such cases, it is presumed that officials are being sued in their individual capacities, because "[a]ny other construction would be illogical where the complaint is silent as to capacity, since a claim for damages against state officials in their official capacities is plainly barred." *Id.* (citing *Price*, 928 F.2d at 828).  The caption of the plaintiff's complaint, however, explicitly and clearly specified that one defendant was being sued in both his individual and official capacities but was silent as to the capacity in which the other defendants were being sued.

*Id.* at 1285. Further, the body of the complaint also failed to specify the capacity in which those defendants were being sued. *Id.* The court held that although the caption of the complaint is not typically controlling, it was on the facts before it. *See id.* Because the caption specified that one defendant was being sued in both his individual and official capacities, the remaining defendants, whose capacities were not specified anywhere in the complaint, "could assume that they were *not* being sued in their individual capacities." *Id.* (emphasis in original).

Here, Plaintiff's designation of the Secretary in the caption as both "an individual" and "Secretary, U.S. Department of Homeland Security," is ambiguous as to the capacity in which he is being sued. *See* Compl. at 1; *see also Botello v. City of Salem*, Case No. 6:20-cv-00358-MC, 2020 WL 4431781, at *5 (D. Or. July 31, 2020) (finding complaint failed to specify capacity in which defendant was sued where defendant was described as "an individual" in the caption and body of the complaint, but allegations indicated he was being sued in his official capacity). Defendant cites to no case law, and this Court has found none, suggesting that "an individual" is necessarily synonymous with "in his individual capacity." No other individual defendants are named, much less in a manner that would be misleading, making *Shoshone-Bannock Tribes* distinguishable.

Meanwhile, the allegations in the body of the Complaint strongly suggest that the Secretary was named in his official rather than individual capacity. Nowhere does the Complaint allege any personal actions undertaken by the Secretary that would subject him to liability against Plaintiff; indeed, the Secretary is not mentioned again after being identified as a Party in paragraph five. *See generally* Compl. Rather, Plaintiff brings a claim and request for damages under Title VII, *id.* at 12–15, which can only be brought against the Secretary in his official capacity. *Holly D.*, 339 F.3d at 1179. Moreover, Plaintiff expressly concedes in his Opposition that the only proper defendant is the Secretary acting in his official capacity. Opp'n at 2; *see, e.g.*, *Doe ex rel. Doe*, 830 F. Supp. at 1578 (where caption did not specify capacity in which defendant was sued, looking to opposition to motion to dismiss to determine capacity). It would thus be illogical for the

Court to read Plaintiff's Complaint as naming the Secretary in his individual capacity. *Price*, 928 F.2d at 828 (finding that where defendant could only be named in their individual capacity and caption did not explicitly address defendant's capacity, it would be illogical to construct the claim as directed to defendant's official capacity).

Accordingly, looking to the caption, the body of the Complaint, the nature of Plaintiff's claims, and Plaintiff's statements in the briefing submitted to this Court, the Court finds that the Complaint is reasonably construed, in the interests of justice and in light of the policy favoring decisions on the merits over technicalities, to name the proper defendant: the Secretary in his official capacity. To the extent he is named in his individual capacity, the Secretary is **DISMISSED WITH PREJUDICE**. Because Plaintiff named the proper defendant and the claims are therefore not time-barred, the Court otherwise **DENIES** Defendant's Motion as to Plaintiff's first and second claims.

### B.   ADA Claim

Defendant argues that Plaintiff's ADA claim is legally infirm. Mot. at 6. To establish a claim under the ADA, Plaintiff "'must show: (1) [he] is a qualified individual with a disability; (2) [he] was denied a reasonable accommodation that he needs in order to enjoy meaningful access to the benefits of public services; and (3) the program providing the benefit . . . ' is a public entity." *Csutoras v. Paradise High Sch.*, 12 F.4th 960, 968–69 (9th Cir. 2021) (quoting *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016)).

Defendant takes issue with element (3) of Plaintiff's ADA claim and argues that the Secretary in his official capacity is not a public entity that can be sued under the ADA. Mot. at 5. "'In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself.'" *Cheng v. Speier*, 609 F. Supp. 3d 1046, 1051 (N.D. Cal. 2022) (quoting *Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017)). Accordingly, here, Plaintiff's claim is, essentially, against the federal government. However, while the ADA applies to state and local entities, it does not apply to the federal government, its agencies, or its employees. *See* 42 U.S.C. § 12131(1)

(defining "public entity" as encompassing State and local governments); *Zimmerman v. Or. Dep't of Just.*, 170 F.3d 1169, 1172 (9th Cir. 1999) ("Although Congress generally included governmental employers in Title I [of the ADA], it exempted the *federal* government from that Title." (emphasis in original)); *Bosworth v. United States*, Case No. CV 14-0498 DMG (SS), 2016 WL 4168852, at *4 (C.D. Cal. Aug. 5, 2016) ("Because the ADA's definition of public entity encompasses only state and local governments and their instrumentalities, it is well settled that the ADA does not provide a cause of action against the federal government." (internal quotation marks omitted)).

Plaintiff does not dispute Defendant's argument, *see generally* Opp'n, and, independent of Plaintiff's concession via his failure to oppose, the Court finds, as a matter of law, that Plaintiff cannot state a plausible ADA cause of action against Defendant. *See VanGieson v. Austin*, Case No. 20-cv-01033-LAB (MDD), 2022 WL 16571125, at *8 (S.D. Cal. Sept. 27, 2022) (finding no ADA cause of action against Secretary of Defense in his official capacity because the ADA does not permit suit against the federal government). Accordingly, the Court **GRANTS** Defendant's Motion as to Plaintiff's third claim and **DISMISSES WITH PREJUDICE** the ADA claim.

### C. MSP Claim

Defendant finally argues that Plaintiff's claim for violation of the MSP is legally infirm because the MSP provides no independent cause of action. Mot. at 5–6. Although there is a dearth of binding Ninth Circuit authority addressing whether violation of the MSP qualifies as an independent cause of action, persuasive authority from the Federal Circuit and D.C. Circuit suggests that it does not. *Burch v. United States*, 99 Fed. Cl. 377, 382 (2011) (citing *Phillips v. Gen. Servs. Admin.*, 917 F.2d 1297, 1298 (Fed. Cir. 1990) ("The Federal Circuit has held that merit system principles do not provide an independent cause of action, but are used to interpret laws, rules, or regulations that are asserted to be violated by government personnel."); *Dep't of Treasury v. FLRA*, 837 F.2d 1163, 1168 (D.C. Cir. 1998) (noting that "regulations issued *pursuant to* [the merit systems principles], rather

/ / /

than the vague principles it contains, would form the operative basis for claims arising under [the merit systems principles]") (emphasis added).

Because the Court agrees with these rulings and finds their reasoning persuasive, and because Plaintiff once again fails to oppose and therefore concedes Defendant's argument, *see generally* Opp'n, the Court **GRANTS** Defendant's Motion as to Plaintiff's fourth claim and **DISMISSES WITHOUT PREJUDICE** the MSP claim. If Plaintiff can assert non-time-barred claims premised on violations of relevant regulations or statutes rather than the MSP directly, Plaintiff may amend his Complaint accordingly.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Request for Judicial Notice (ECF No. 11-1) and **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss (ECF No. 11). Specifically, the Court **DISMISSES WITH PREJUDICE** this action as to ICE, DHS, and the Secretary in his individual capacity. The Court further **DISMISSES WITH PREJUDICE** Plaintiff's third claim and **DISMISSES WITHOUT PREJUDICE** Plaintiff's fourth claim.

Plaintiff **MAY FILE** an amended complaint within thirty (30) days of the electronic docketing of this Order. Should Plaintiff elect to file an amended complaint, it must cure the deficiencies noted herein and must be complete in itself without reference to Plaintiff's prior complaint. *See* S.D. Cal. CivLR 15.1. Any claims not realleged in the amended complaint will be considered waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012). ***Should Plaintiff fail to file an amended complaint within thirty (30) days of the electronic docketing of this Order, this action will proceed as to Plaintiff's first and second claims against the Secretary in his official capacity only.***

**IT IS SO ORDERED.**

Dated: May 11, 2023

Hon. Janis L. Sammartino
United States District Judge