UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO G. ORTIZ, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALEJANDRO N. MAYORKAS, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, in his official capacity; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 22-CV-557 JLS (SBC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(ECF No. 18) |

　　　　Presently before the Court is the Motion to Dismiss Plaintiff Mario G. Ortiz's ("Plaintiff") First Amended Complaint ("Mot.," ECF No. 18) filed by Defendant Alejandro N. Mayorkas, Secretary, U.S. Department of Homeland Security ("Defendant"). Plaintiff filed an Opposition thereto ("Opp'n," ECF No. 20), and Defendant filed a Reply in support thereof ("Reply," ECF No. 21). This Court took the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 22. Having reviewed Plaintiff's First Amended Complaint ("FAC," ECF No. 17), the Parties' arguments, and the law, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion, as set forth below.

# BACKGROUND[1]

Plaintiff is a former employee of Immigration and Customs Enforcement ("ICE"), where he worked for approximately 24 years. *See* FAC ¶ 11. From on or about October 1, 2019, through on or about December 31, 2020, Plaintiff worked as an Assistant Field Office Director. *Id.* ¶ 12. Plaintiff injured his ankle in or around February 2020 and worked remotely until on or about September 27, 2020, when he returned to in-person work at the San Diego ICE field office. *Id.* ¶¶ 16–17. When Plaintiff returned to in-person work, Jamison Matuszewski was designated as his new first-line supervisor, and Gregory Archambeault was designated as his third-line supervisor. *Id.* ¶ 17.

During the time period relevant to this action and in the presence of other ICE employees, Matuszewski stated "that he was proud of the fact that he was responsible for expediting the retirement of the senior staff at ICE." *Id.* ¶ 18. Matuszewski further stated that "he likes to force the staff under his direct supervision into retirement," and that "he was trying to force out older and disabled ICE employees." *Id.* Matuszewski also expressed animus towards racial minorities in the presence of other ICE employees on several occasions within the relevant time period. *Id.* ¶ 19. Consistent with Matuszewski's explicitly stated animus, Plaintiff claims Matuszewski took five discriminatory actions against him, *id.* ¶¶ 20–22, 25–27, because "[Plaintiff] had suffered a disability due to his ankle injury, was of Hispanic/Latino race/national origin, and was 53 years old at the time of the incident[s]," *id.* ¶¶ 20–22, 25–26.

First, on or about September 27, 2020, Matuszewski informed Plaintiff that he was limiting Plaintiff's Administratively Uncontrollable Overtime ("AUO"), which negatively impacted Plaintiff financially. *Id.* ¶ 20. Second, on or about September 29, 2020, Plaintiff submitted his name for an October 5, 2020 firearms qualification, but Matuszewski informed Plaintiff that he would not approve the request. *Id.* ¶ 21. Rather, Matuszewski

---

[1] The facts alleged in Plaintiff's FAC are accepted as true for purposes of Defendant's Motion. *See Vasquez v. Los Angles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true").

revoked Plaintiff's firearm privileges and informed Plaintiff that he would have to attend remedial firearms training, despite there being no basis for doing so. *Id.* Third, on or about October 8, 2020, Matuszewski provided Plaintiff with a performance appraisal for the 2020 fiscal year. *Id.* ¶ 22. In this appraisal, Matuszewski—who was not the proper supervisor to provide such a report, as he only supervised Plaintiff for the last several days comprising the 2020 fiscal year—gave Plaintiff the lowest performance rating Plaintiff ever received in his ICE career. *Id.* Matuszewski had no justification for providing such a low rating. *Id.*

Meanwhile, on or about October 13, 2020, Plaintiff complained about Matuszewski's discriminatory employment actions to the Equal Employment Opportunity Commission ("EEOC"), *id.* ¶ 23, and on or about October 22, 2020, he also reported Matuszewski's actions to Plaintiff's third-line supervisor, Archambeault, who agreed that Matuszewski was not the proper supervisor to complete Plaintiff's performance appraisal for the 2020 fiscal year, *id.* ¶ 24.

Fourth, on or about October 29, 2020, Matuszewski issued a letter of reprimand against Plaintiff in retaliation for Plaintiff complaining to Archambeault about Matuszewski's performance appraisal. *Id.* ¶ 25. Fifth and finally, in or around November 2020, Matuszewski denied Plaintiff's AUO, which harmed Plaintiff financially. *Id.* ¶ 26.

On or about December 31, 2020, and as a direct result of these discriminatory actions by Matuszewski, Plaintiff was forced to retire early from ICE. *Id.* ¶¶ 27–28. Plaintiff felt that if he did not retire, he would continue to face discriminatory employment actions by Matuszewski, which would result in a continued loss of income and, ultimately, Plaintiff's termination and loss of retirement benefits. *Id.* ¶ 27. As a direct result of the discriminatory actions Plaintiff faced, Plaintiff "has suffered, and continues to suffer[,] substantial losses in earnings, equity[,] and other employment benefits, and has incurred other economic and non-economic losses." *Id.* ¶ 30. As to non-economic losses, "[Plaintiff] has suffered emotional distress, humiliation, shame, and embarrassment." *Id.*

/ / /

Plaintiff initiated this action on April 21, 2022, when he filed his Complaint. *See generally* ECF No. 1. On October 23, 2022, Plaintiff requested a Clerk's Entry of Default, *see* ECF No. 6, which was granted the next day, *see* ECF No. 7. On October 26, 2022, the Parties filed a Joint Motion to Vacate and Set Aside Default, *see* ECF No. 9, which this Court granted the following day, *see* ECF No. 10. On December 21, 2022, Defendant filed a motion to dismiss. *See generally* ECF No. 11. On May 11, 2023, the Court granted in part and denied in part the motion. *See generally* ECF No. 16.

On June 9, 2023, Plaintiff filed his FAC, which asserts three claims against Defendant: (1) age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the "ADEA"); (2) race/national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); and (3) disability discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* (the "Rehabilitation Act"). *See generally* FAC. On June 21, 2023, Defendant filed the instant Motion, which seeks dismissal of some, but not all, portions of the FAC. *See generally* Mot.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A

complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

Rather, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 675 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

"In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019) (citing *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)). Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## ANALYSIS

Defendant seeks partial dismissal of the FAC on two grounds: (i) Plaintiff's Rehabilitation Act claim is not cognizable, *see* Mot. at 3; and (ii) punitive damages are unavailable as a matter of law, *see id.* at 3–4. The Court addresses each argument in turn.

I.  **Plaintiff's Rehabilitation Act Claim**

Defendant argues that Plaintiff's third claim, for violation of the Rehabilitation Act, must be dismissed because "Plaintiff seeks to assert a harassment claim under the Rehabilitation Act," and "the Ninth Circuit 'has never recognized the [Rehabilitation] Act or the ADA as giving rise to a harassment claim.'"  Mot. at 3 (citations omitted).  Plaintiff responds that "[he] is not asserting a harassment or hostile workplace claim"; "[i]nstead, the Plaintiff is asserting a disability discrimination, specifically wrongful termination claim, against the defendant, which is authorized under the Rehabilitation Act."  Opp'n at 3.  Defendant counters that the allegations of the FAC, specifically that Plaintiff suffered a series of adverse employment actions motivated by discriminatory intent and "'intended to make [Plaintiff's] working conditions so intolerable that he would feel compelled to resign,'" belie Plaintiff's position.  Reply at 1 (citing FAC ¶¶ 66, 72).

Even accepting, for purposes of this Motion, Defendant's argument that Plaintiff's Rehabilitation Act claim necessarily relies on a theory of harassment as opposed to discrimination, the Court finds that dismissal of the claim is not warranted at this time. While it is true that "[the Ninth Circuit] ha[s] not held that such a claim is cognizable," it is equally true that the Ninth Circuit has not held that such a claim is *not* cognizable; rather, the Ninth Circuit has, at times, assumed that such a claim exists.  *Breyer v. Pac. Univ.*, No. 20-35304, 2021 WL 3829966, at *2 (9th Cir. Aug. 27, 2021) ("assuming, without deciding, that such a claim [i.e., hostile environment theory of disability discrimination brought under Rehabilitation Act] is cognizable" and analyzing claim on the merits).  It is true, as Defendant argues, that a number of district courts within the Ninth Circuit have dismissed Rehabilitation Act claims premised on a hostile work environment on this basis.  *See, e.g.*, *Stevens v. Brigham Young Univ. – Idaho*, 588 F. Supp. 3d 1117, 1132 (D. Idaho 2022) (noting that "numerous district courts in the Ninth Circuit have declined to recognize § 504 hostile educational environment claims" and collecting cases).  Others, however, have refused to do so and have found such claims cognizable at the pleading stage.  *See, e.g.*, *Fox v. Carter*, No. 116CV00223DADMJS, 2017 WL 3009188, at *3 (E.D. Cal. July 14,

2017) ("While[] the Ninth Circuit has yet to recognize harassment claims under the Rehabilitation Act or Americans with Disabilities Act, some courts have recognized such a claim based on analogous Title VII analysis. Thus, such a claim, if properly pled, may be cognizable at the pleading stage." (citations omitted)); *Ostrofsky v. Dep't of Rehab.*, No. CIV S-07-0987MCEEFBP, 2009 WL 3011578, at *7 (E.D. Cal. Sept. 17, 2009) (collecting cases; noting that "there appears to be a growing recognition of the claim [i.e., a Rehabilitation Act claim premised on hostile work environment] based on analogous Title VII analysis and it has been sufficiently recognized within this circuit to support its inclusion at the pleading stage of this action"; and further recognizing that "'several other circuits have recognized such a cause of action'" (citations omitted)), *report and recommendation adopted*, No. CIV S070987MCEEFBPS, 2009 WL 3623203 (E.D. Cal. Oct. 29, 2009).

In light of this uncertainty, the Court finds the latter approach—i.e., permitting Rehabilitation Act claims premised on hostile work environment to proceed beyond the pleading stage—more supportable. Accordingly, the Court **DENIES** Defendant's Motion as to Plaintiff's claim for violation of the Rehabilitation Act.

## II.   Plaintiff's Request for Punitive Damages

Defendant contends that punitive damages are unavailable against a government defendant under the ADEA, Title VII, and the Rehabilitation Act. *See* Mot. at 3–4 (citations omitted).  In his Opposition, Plaintiff argues that compensatory damages, including emotional distress damages, are available to him, but does not address the availability of punitive damages, *see* Opp'n at 3; in his Reply, Defendant argues that Plaintiff thereby concedes the unavailability of punitive damages, *see* Reply at 2 (citing *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("'[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.'"); *Lee v. Summit Tr. Servs., LLC*, No. CV 19-3814-DMG (EX), 2020 WL 1249971, at *3 (C.D. Cal. Jan. 22, 2020)).

1 The Court agrees with Defendant that Plaintiff concedes the unavailability of
2 punitive damages; thus, dismissal of his request for punitive damages is appropriate. *See*
3 *Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (explaining that a
4 plaintiff who fails to raise an issue in response to motion to dismiss "has effectively
5 abandoned his claim"); *Allen v. Dollar Tree Stores, Inc.*, 475 F. App'x 159 (9th Cir. 2012)
6 ("The court properly dismissed [the plaintiff]'s harassment and retaliation claims because
7 her opposition to the motion to dismiss failed to respond to [the defendant]'s argument that
8 those claims were time-barred."); *Stichting Pensioenfonds*, 802 F. Supp. 2d at 1132.

9 Defendant's argument additionally prevails on the merits, as punitive damages are
10 unavailable under any of the statutes pursuant to which Plaintiff brings his claims. The
11 Ninth Circuit has repeatedly held that "remedies under the ADEA are strictly limited,
12 and . . . punitive and emotional distress damages are unavailable." *Bernstein v. Aetna Life*
13 *& Cas.*, 843 F.2d 359, 365 (9th Cir. 1988) (citing *Cancellier v. Federated Dep't Stores*,
14 672 F.3d 1312, 1318 (9th Cir. 1982)); *accord Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555
15 F.3d 1051, 1059 (9th Cir. 2009) (citing 29 U.S.C. § 621). Likewise, "punitive damages
16 are not available to Plaintiff under Title VII because 42 U.S.C. § 1981a, which governs
17 plaintiffs' right of recovery in such actions, expressly prohibits awards of punitive damages
18 against the federal government." *Davis v. Dep't of Veterans Affairs*, No. 05CV2273 J
19 (WMC), 2006 WL 8455430, at *2 (S.D. Cal. Aug. 22, 2006) (citing 42 U.S.C. § 1981a;
20 *Terry v. Ashcroft*, 336 F.3d 128, 153 (2d Cir. 2003)); *see* 42 U.S.C. § 1981a(b)(1)
21 (providing that "[a] complaining party may recover punitive damages under this section
22 against a respondent (***other than a government, government agency or political***
23 ***subdivision***)" (emphasis added)). Finally, the U.S. Supreme Court has declared in no
24 uncertain terms, and the Ninth Circuit has acknowledged, that punitive damages cannot be
25 awarded in suits brought pursuant to the Rehabilitation Act. *See Barnes v. Gorman*, 536
26 U.S. 181, 189 (2002); *Mark H. v. Lemahieu*, 513 F.3d 922, 930 (9th Cir. 2008) ("Punitive
27 damages are not available under § 504 [of the Rehabilitation Act]." (citing *Barnes*, 536
28 U.S. at 189)).

Accordingly, the Court **GRANTS** Defendant's Motion as to this issue and **DISMISSES** Plaintiff's request for punitive damages. Given that punitive damages are unavailable as a matter of law for Plaintiff's asserted claims, leave to amend would be futile; accordingly, said dismissal is **WITH PREJUDICE**. *See, e.g.*, *Hofschneider v. City of Vancouver*, 182 F. Supp. 3d 1145, 1155 (W.D. Wash. 2016) (dismissing with prejudice requests for punitive damages unavailable as a matter of law under 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990, and the Rehabilitation Act).

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 18). Specifically, the Court **GRANTS** the Motion as to Plaintiff's request for punitive damages and **DISMISSES WITH PREJUDICE** said request; however, the Court **DENIES** the Motion in all other respects.

**IT IS SO ORDERED.**

Dated: August 11, 2023

Hon. Janis L. Sammartino
United States District Judge